A. L. JURDEN, Respondent, v. MARY S. MING, Appellant.

**Kansas City Court of Appeals, February 2, 1903.**

1. **Appellate Practice: JURY FINDING.** Where an issue is submitted on proper instructions to the jury, the appellate court is bound by the finding.

2. **Bills and Notes: PAYMENT: INDORSEE: NOTICE: INQUIRY.** On a review of the evidence, it is held insufficient to put an indorsee of a promissory note upon inquiry as to whether the note was paid at the time of his purchase.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan*, Judge.

AFFIRMED.

*Bente & Wilson* for appellant.

(1) Where a party purchases a note even before or after maturity, knowing the same has been paid, or there was some defense to it, he is not an innocent purchaser of said note and the maker of said note can set up any defense he may have thereto. Gage v. Averill, 57 Mo. App. 111. (2) Ordinarily one will be charged with notice of a fact who possesses information which puts him on inquiry and which if followed up with diligence and understanding will lead to the ascertainment of the truth. Jennings v. Todd, 118 Mo. 296.

*Sangree & Lamm* for respondent.

The court took the question of payment away from the jury. It may be conceded that there was some weak evidence crept into the case tending to show payment to Otley before the note was due, but as the note was nego-

tiable paper and there was no evidence or offer of evidence to bring home notice or knowledge to the indorsee of such payment, the court was rightfully obliged to take the issue from the jury. Kellogg v. Morgan, 45 Mo. App. 245; Byles on Bills (6 Ed.), page 271.

BROADDUS, J.—This is an action on a promissory note for $100, dated March 24, 1900, at Marshall, Missouri, due six months after date, with eight per centum interest from date, payable at the Farmers' Savings Bank in Marshall, in said State, to the order of Thomas F. Otley, signed by defendant, and indorsed by said Otley to Henry H. Parsons and by him to the plaintiff before due.

The defense was that the note had been materially altered since its execution, viz., that the place of payment therein had been changed from that of Wood and Houston's Bank in Marshall, Missouri, to that of the Farmers' Savings Bank; and that the same had been paid, of which the plaintiff had notice before purchase.

As to the first defense, the matter was submitted to the jury by proper instructions and, as its finding is binding on us, that branch of the case will not be further noticed.

On the question of payment, the court instructed the jury "that under the testimony all question of payment is withdrawn from the jury, and on that issue they must find for the plaintiff." The finding and judgment were for the plaintiff from which the defendant appealed.

There was some evidence on the part of the defendant that she had paid the note in controversy before the plaintiff got it, but there was no evidence that the plaintiff or Parsons had knowledge of such fact, if it was a fact—unless it is to be inferred from the fact that Parsons and the payee, Otley, were law partners at the time the note was executed, the consideration therefor being for legal services. But upon this point

Parsons testified that he notified Otley that he would have nothing to do with defendant's business and that whatever fees he got from her were to be his individual property. It was uncontradicted that he paid full value for the note, as also did the plaintiff.

The facts in the case, however, do not show that either Parsons or the plaintiff had actual notice of any payment of the note before purchasing for value and before due, as required to invalidate it in their hands according to the law merchant. The case does not therefore come within the rule that when a person is in possession of facts which put him upon inquiry, and which inquiry if pursued with proper diligence and intelligence will lead to knowledge of the truth, is held to have notice. Jennings v. Todd, 118 Mo. 296.

Therefore, we hold that the court was justified in withdrawing that branch of the case from the jury.

For the reasons given the cause is affirmed. All concur.